# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fayetteville Division

In the Matter of the Search of )
)
Dell Laptop Computer ) Case No. 5:19-CM-63
Model Number P62G )
Serial Number 8DP9RC2 )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of Arkansas *(identify the person or describe the property to be searched and give its location)*: **SEE ATTACHMENT "A". This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

**YOU ARE COMMANDED** to execute this warrant on or before __May 31, 2019__
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge, Mark E. Ford.

Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued: __5/17/19  12:50 p.m.__   __/s/ Mark E. Ford__
*Judge's signature.*

City and state:  __Fort Smith, Arkansas__   __Mark E. Ford, United States Magistrate Judge__
*Printed name and title*

| Return |
|---|
| Court Case No.: _____ <br> Date and time warrant executed: _____ <br> Copy of warrant and inventory left with: _____ |
| Inventory made in the presence of : |
| Inventory of the property taken and name of any person(s) seized: |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br> Date: _____       _____ <br>                                        *Executing officer's signature* <br><br>                                 _____ <br>                                        *Printed name and title* <br><br> **Subscribed, sworn to, and returned before me this date.** <br><br> _____       _____ <br>  **Date**                                         **U.S. Judge or Magistrate** |

## ATTACHMENT A
## DESCRIPTION OF PROPERTY TO BE SEARCHED

The following electronic device (**SUBJECT ITEM**) seized by HSI and currently located at the HSI office in Fayetteville, Arkansas, from the Fayetteville, Arkansas Virtual Academy and property of the Fayetteville, Arkansas Public School System known to have been possessed and operated by Nathan HENRY:

001 – Dell Laptop Computer, model number P62G bearing the serial number 8DP9RC2

# ATTACHMENT B
# ITEMS TO BE SEARCHED FOR AND SEIZED

a.  Any and all images of suspected child pornography and files containing images of suspected child pornography, any and all images believed to be an attempt to produce child pornography, in any form wherever it may be stored or found including, but not limited to:

   i. originals, thumbnails, and copies of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

   ii. videos (AKA motion pictures, films, film negatives), and other recordings or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

   iii. Images self-produced of the defendant and minors, and attempts to take or produce such.

   iv. Images of children, nude or otherwise, possessed, sent, received, or via message, email, or otherwise stored on the phone.

   v. Internet history, including CACHE memory related to internet searches for child pornography or websites that could pertain such.

b.  information or correspondence pertaining to the solicitation of others for sexual activity involving minors, and any and all information, messages, etc related to the sexual exploitation of children, including but not limited to:

   i. correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, text messages, establishing possession, identity of individuals, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

   ii. records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

   iii. Any and all address lists, names, contact information of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256; and/or any information evidencing contact or correspondence with minors or adults in whatever form.

iv. Any and all chat log, text messages, email, or any type of communication in any form that is related to the sexual exploitation of minors for sexual purposes or related to the production, distribution or possession of child pornography.

c. records evidencing ownership of the subject item, including in and all lists of names, telephone numbers, addresses and contacts, and the content of voice mails and text messages and internet based applications, and internet or purchase history for any and all sexual devices, including but not limited to dildos, vibrators and sexual games.

d. Any and all security devices, to include encryption devices, needed to gain access to the devices;

e. Any and all address lists, names, contact information of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256; and/or any information evidencing contact or correspondence with minors or adults in whatever form.

f. Any and all recordings, including those made by the defendant or the minor victim, or anyone else that depicts the defendant or others engaging in sexually explicit conduct of any type.

g. In searching the data, the computer personnel may examine and copy all of the data contained in the subject item to view their precise contents and determine whether the data falls within the items to be seized. In addition, the examining personnel may search for and attempt to recover deleted, hidden, or encrypted data to determine whether the data falls within the list of items to be seized.